# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### WINSTON-SALEM DIVISION

IN RE:

**GREATER CLEVELAND AVENUE**                    **CASE NO. 18-50410**
**CHRISTIAN CHURCH**

                                                 **CHAPTER 11**

      **DEBTOR**

## OBJECTION TO MOTION BY APEX BANK FOR ORDER IN AID OF CONSUMATION OF CHAPTER 11 PLAN

COMES NOW Greater Cleveland Avenue Christian Church ("Debtor"), by and through undersigned counsel, and objecting to the Motion of Apex Bank shows the following:

1.　　This chapter 11 case was filed on April 19, 2018. A plan of reorganization was confirmed on February 22, 2019.

2.　　The confirmed Plan required, in part, that the Debtor satisfy the secured claim of Apex Bank on or before March 31, 2019 and that, in the event the Debtor failed to satisfy the claim of Apex Bank by that deadline, that it would vacate the premises on or before April 30, 2019. Furthermore, the Debtor proposed in its Plan to deliver a Deed in Lieu of Foreclosure to Apex Bank on the Effective Date of the Plan to aid the bank in transferring ownership of the property should they become entitled to so under the Plan.

3.　　It is undisputed that the Debtor has not complied with the Plan in at least three ways: (1) the Debtor has been unable to secure refinancing of the Apex Bank loan, thereby leaving its claim still unsatisfied on the March 31 deadline; (2) the Debtor remains in the facility, despite the April 30 deadline to vacate it; and (3) the Deed in Lieu of Foreclosure issued by the Debtor is flawed in that one of its board members has failed to sign it. Apex Bank seeks, presumably under § 1142(b), an order from this court directing the Debtor correct its flawed Deed in Lieu of Foreclosure.

4.　　11 USC §§ 1127 and 1144, and case law surrounding those sections, allow a debtor to modify its plan under certain circumstances. The bar over which a debtor must hurdle in order to obtain authorization to modify a plan becomes higher as a case progresses. Sections 1127 and 1144 outline three scenarios: (1) pre-confirmation modification, (2) post-confirmation modification, and (3) post-consummation modification.

Simply put, pre-confirmation modifications are widely permitted, post-confirmation modifications are sometimes permitted, and post-consummation modifications are permitted only when a plan was confirmed through fraud. This motion

seeks this court's authorization to modify a confirmed, but as yet unconsummated, Plan of reorganization.

5.　　11 USC § 1127(b) states that "The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, by may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title."

6.　　The circumstances that warrant such a modification are as follows:

    a. At the Debtor's confirmation hearing, the Debtor's representative, Bishop McCarter, testified that he was presently negotiating with three different lenders to refinance the Apex Bank loan. When asked on direct and cross-examination whether the Debtor would be able to refinance the loan, Bishop McCarter used terms such as "absolutely", "definitely going to do it", and "It's all coming together even as I speak. We will have financing before March 31 to pay off the indebtedness to Apex." Despite Bishop McCarter's confidence, all three of these potential lenders ultimately declined to refinance the loan. However, as recently as April 22, the Debtor has secured a letter of commitment from R.E.I.G., LLC to extend a loan to the Debtor in the amount of $2,700,000. This amount, while less than the $3,300,299.35 claim of Apex Bank, speaks to just how close the Debtor is to being able to satisfy Apex Bank's claim.

    b. Apex Bank enjoys an equity cushion of over $2,500,000. A modified plan where the Debtor services Apex Bank's loan at an amount significantly more than the current "rent" payment of $13,000 while it secures replacement financing would not diminish Apex Bank's claim or significantly impinge its rights. However, evicting the Debtor from its facilities would create existential crisis both for the church and for those unsecured creditors whose claims will be paid only if the church remains viable. It simply cannot be overstated how demoralizing and destructive to this venerable congregation it would be for them to be evicted from their place of worship.

    c. The confirmed Plan was one that was reached consensually by granting to Apex Bank terms very favorable to it, albeit ones that the Debtor believed at the time it could meet. Circumstances have changed, however, and the Debtor should be given the opportunity to propose a Modified Plan confirmable under 1129(b), where Apex Bank's dissenting voice could be overridden by an unsecured class intent on protecting its interests.

WHEREFORE, the Debtor requests that the Court enter an order denying the Motion of Apex Bank until such time as the Debtor may file a Modified Plan and seek its confirmation, and for such other and further relief as the court may deem just and appropriate.

Dated: April 29, 2019

SASSER LAW FIRM

/s/Philip Sasser
Philip Sasser, NC Bar No. 38479
2000 Regency Parkway, Suite 230
Cary, NC 27518
Tel: 919.319.7400
Fax: 919.657.7400
Email:Philip@sasserbankruptcy.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion was served on the entities listed below at their last known address with sufficient postage thereon, or, if such interested party is an electronic filing user, by serving such interested party, electronic transmission, pursuant to Local Rule 5005-4(9)(b).

Bankruptcy Administrator
*Served Electronically*

Daniel Bruton
Counsel for Apex Bank
Dbruton@belldavispitt.com
*Served by electronic mail*

Daniel Bruton
Bell, Davis, & Pitt
PO Box 21029
Winston-Salem, NC 27120-1029

Greater Cleveland Avenue Christian Church
5095 Lansing Avenue Drive
Winston-Salem, NC 27105

Dated: April 29, 2019

SASSER LAW FIRM

/s/Philip Sasser
Philip Sasser, NC Bar No. 38479
2000 Regency Parkway, Suite 230
Cary, NC 27518
Tel: 919.319.7400
Fax: 919.657.7400