UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| In Re: ) <br> ) <br> GREATER CLEVELAND AVENUE ) <br> CHRISTIAN CHURCH ) <br> ) <br> Debtor. ) <br> ) | Case No. 18-50410 <br> Chapter 11 |

### AMENDED MOTION BY APEX BANK FOR ORDER IN AID OF CONSUMMATION OF CHAPTER 11 PLAN

COMES NOW Apex Bank, through counsel, pursuant to 11 U.S.C. § 1142(b), and requests that this Court enter an order in aid of consummation of the Debtor's Chapter 11 plan of reorganization and in support thereof, shows the Court as follows:

1. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on April 19, 2018.

2. The Debtor owns and operates a church at 5095 Lansing Drive, Winston-Salem, North Carolina (the "Church Property").

3. Apex Bank is the largest creditor in this case, holding a secured claim against the bankruptcy estate in the prepetition amount of $3,300,299.35. Said claim is secured by the Church Property as well as the Debtor's fixtures, equipment, and furnishings (the "Equipment and Furnishings").

4. The Debtor's Chapter 11 plan of reorganization (the "Plan") was confirmed by an Order of this Court entered on February 22, 2019 [DOC# 158].

5. Pursuant to the terms of the Debtor's confirmed Plan, on or before the Effective Date of the Plan – March 9, 2019 -- the Debtor was required to tender to Apex Bank a deed in lieu of foreclosure, transferring clear, fee simple title to the Church

Property to Apex Bank. The Plan additionally required the Debtor to vacate the Church Property on or before April 30, 2019 and to leave the property in a "broom cleaned" condition. The Plan also permitted Apex Bank to reject the deed in lieu of foreclosure and, instead, foreclose the Church Property. The Plan additionally required the Debtor to tender possession and title to its Equipment and Furnishings to Apex Bank.

6. As this Court is aware, the Debtor failed to tender a valid, effective deed in lieu to Apex Bank. Accordingly, Apex Bank foreclosed the Church Property on May 24, 2019. Apex Bank was the high bidder at such foreclosure sale and the statutory upset bid period has expired, with no upset bids having been filed.

7. In contravention of the terms of the confirmed Plan, the Debtor has failed and refused to tender physical possession of the Church Property and the Equipment and Furnishings to Apex Bank. To add insult to injury, not only has the Debtor failed and refused to tender possession of the Church Property to Apex Bank on April 30, 2019, the Debtor also has failed and refused to pay Apex Bank for the Debtor's continued occupancy of the Church Property after April 30, 2019.[1]

8. Pursuant to the terms of the confirmed Plan, in the event of default of the Plan, creditors are required to provide the Debtor with written notice of default and the Debtor is afforded a period of twenty-one days to cure such default. Attached hereto as **Exhibit A** is a written notice of default sent to the Debtor and its counsel on May 7, 2019. The twenty-one-day cure period prescribed in the Plan has passed and the Debtor has failed and refused to tender physical possession of the Church Property and the Equipment and Furnishings to Apex Bank.

---

[1] The Plan required the Debtor to pay Apex Bank monthly "rent" in the amount of $13,000. The Debtor made such payments through April, 2019. The Debtor has not paid Apex Bank any monies on account of the Debtor's occupancy of the Church Premises after April 30, 2019.

WHEREFORE, Apex Bank requests that this Court, pursuant to Section 1142(b) of the Bankruptcy Code, enter an Order compelling the Debtor to (i) immediately vacate the Church Property, leaving the same in a broom cleaned condition; (ii) immediately tender possession of the Equipment and Furnishings to Apex Bank; (iii) immediately deliver all keys to the Church Property to counsel for Apex Bank. Apex Bank additionally requests that this Court grant Apex Bank such other and further relief as this Court deems just and proper.

Respectfully submitted, this the 4th day of June, 2019.

/s/ Daniel C. Bruton
DANIEL C. BRUTON
State Bar No. 22440
*Attorney for Apex Bank*
BELL, DAVIS & PITT, P.A.
P. O. Box 21029
Winston-Salem, NC 27120-1029
(336) 722-3700
dbruton@belldavispitt.com



**Daniel C. Bruton**
dbruton@belldavispitt.com
T 336.714.4110
F 336.748.5890

# Bell, Davis & Pitt
*Attorneys and Counselors at Law*

WINSTON-SALEM, NORTH CAROLINA
336.722.3700

MAILING ADDRESS
PO Box 21029
Winston-Salem, NC
27120-1029

May 7, 2019

Phillip Sasser
Sasser Law Firm
2000 Regency Parkway, Suite 230
Cary, NC 27518

    Re:    *Greater Cleveland Avenue Christian Church*
             *Chapter 11 Case No. 18-50410*

Dear Phillip:

    As you are aware, I represent Apex Bank in connection with the Chapter 11 case of Greater Cleveland Avenue Christian Church.

    The Debtor's Chapter 11 plan of reorganization (the "Plan") was confirmed on February 22, 2019. The Plan required the Debtor to tender to Apex Bank a Deed in Lieu of Foreclosure on or before the Effective Date of the Plan -- March 9, 2019. As you are aware, on or about April 2, 2019, the Debtor did tender a Deed in Lieu to myself as counsel for Apex Bank, but the same was defective inasmuch as it did not contain the notarial acknowledgment of all of signatory Trustees.

    The foregoing notwithstanding, as is its right under the Plan, Apex Bank elects to reject the Deed in Lieu of Foreclosure, and instead, will proceed with the foreclosure of its real property collateral as is its right under the terms of the Plan.

    The foregoing notwithstanding, please be advised that the Debtor is in default of the Plan treatment of Apex Bank inasmuch as the Debtor has failed and refused to tender physical possession of the church premises to Apex Bank in broom cleaned condition on or before April 30, 2019.

    As provided in the Plan, in the event of default of the Plan terms, creditors are required to provide the Debtor, Debtor's counsel, and the Bankruptcy Administrator with written notice of default. As you are aware, per the terms of the Plan, the Debtor has 21 days from the date of this notice to cure the existing default under the Plan.


EXHIBIT A

May 7, 2019
Page 2

                          Sincerely,

                          BELL, DAVIS & PITT, P.A.

                          Daniel C. Bruton

cc: Samantha Brumbaugh
    Bishop Sheldon McCarter, Greater Cleveland Avenue Christian Church
    Officer or Managing Agent, Greater Cleveland Avenue Christian Church
    William P. Miller, US Bankruptcy Administrator

CERTIFICATE OF SERVICE

I hereby certify that the foregoing **AMENDED MOTION BY APEX BANK FOR ORDER IN AID OF CONSUMMATION OF CHAPTER 11 PLAN** was filed electronically in accordance with the local rules and was therefore served electronically on the entities that have properly registered for such electronic service by CM/ECF or by mailing a copy of same by first-class postage prepaid mail as noted as follows:

Served by CM/ECF:

Travis Sasser
Sasser Law Firm
2000 Regency Parkway, Suite 230
Cary, NC 27518

William P. Miller
US Bankruptcy Administrator
101 South Edgeworth Street
Greensboro, NC 27401

This the 4th day of June, 2019.

/s/ Daniel C. Bruton
DANIEL C. BRUTON